IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

John M. Gilbert                                                                                    PLAINTIFF

v.                              No. 4:15–CV–658-SWW-JTK

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                       DEFENDANT

### Recommended Disposition

**Instructions**. The following recommended disposition was prepared for U.S. District Judge Susan W. Wright. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**. This report recommends dismissing this case for failing to prosecute and failing to comply with court orders. John M. Gilbert filed this case on October 22, 2015 and asked for judicial review of the denial of his application for social security disability benefits.[3] Gilbert also asked the court to appoint an attorney.[4] The undersigned magistrate judge instructed Gilbert to contact at least three attorneys who represent social security claimants and report to the results to the court.[5]

When Gilbert failed to comply with the instruction, the undersigned magistrate judge instructed him to do so again, and warned that failing to comply with the court's order could result in dismissal of this action.[6] When Gilbert failed to comply with the second order, the undersigned denied the motion for appointment of counsel, and directed Gilbert to either retain counsel or file a pro se brief by March 22, 2016.[7] As of July 28, 2016, no attorney has appeared on Gilbert's brief. Gilbert has not filed a brief. As a result, this case should be dismissed for failing to comply with court orders and failing to prosecute.

**Applicable legal principles**. Under Local Rule 5.5, a pro se plaintiff like Gilbert

---

[3]Docket entry #s 1 & 2.

[4]Docket entry #3.

[5]Docket entry # 4.

[6]Docket entry # 7.

[7]Docket entry # 16.

must diligently prosecute his case. The rule provides for case dismissal if the plaintiff fails to respond to a court order. Fed. R. Civ. P. 41(b) permits the court to dismiss a case for failing to prosecute; the rule also permits the court to dismiss a case for failing to comply with a court order.[8] Dismissal is appropriate under both rules, because Gilbert has not prosecuted his case, has thrice failed to comply with court orders, and has failed to file a brief.

Because the district judge may be reluctant to dismiss a case under these circumstances, the undersigned magistrate judge reviewed the Commissioner's decision and the agency record to determine whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards.[9] As explained below, substantial evidence supports the decision; the Commissioner made no legal error.

---

[8]*See* Fed. R. Civ. P. 41(b) (permitting defendant to move for dismissal on grounds plaintiff failed to prosecute her case); *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (district court may dismiss case if party fails to comply with its orders; court must be able to manage its docket to resolve cases expeditiously so opposing party isn't prejudiced because of dilatory conduct).

[9]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

Gilbert claimed disability beginning August 21, 2009.[10] He based disability on poor left-eye vision and the left knee.[11] He claimed he stopped working for those reasons.[12] He identified his vision as the primary impairment preventing him from working.[13] Gilbert sought no medical treatment for either complaint until March 2012.[14] By that time, his insured status for disability income benefits (DIB) had expired.[15] As a consequence, no basis existed for an award of DIB.[16] Only the issue of supplemental security income (SSI) was open.

Because a person isn't eligible for SSI before he applies,[17] the relevant time period for review is August 28, 2012 — the date of the application — to August 12, 2014 — the date of the ALJ's decision. The ALJ developed the record for the matters at issue —

---

[10]SSA record at pp. 141 & 147 (applying on Aug. 28, 2012 and alleging disability since Aug. 21, 2009).

[11]Id. at p. 171.

[12]Id.

[13]Id. at p. 27.

[14]Id. at pp. 264 & 267 (emergency room visit for left knee pain, after he slipped climbing down a ladder).

[15]Id. at pp. 151 & 167 (insured until Mar. 31. 2011).

[16]No basis existed for DIB because a claimant must prove disability with medical evidence, 42 U.S.C. § 423 (d)(5)(A), 20 C.F.R. §§ 404.1508 & 404.1529, and there is no medical evidence prior to the expiration of insured status, 42 U.S.C. §§ 416(I) & 423(c)).

[17]20 C.F.R. § 416.335.

vision and the left knee — by obtaining treatment records and ordering a consultative vision exam.[18]

Treatment records documented one medical visit for left knee pain during the relevant time period.[19] Diagnostic imaging of the left knee was negative.[20] Gilbert required no treatment. This evidence established no impairment.

The eye examiner reported uncorrected vision of 20/200 in the right eye and 20/400 in the left eye, and corrected vision of 20/40 in the right eye and 20/60 in the left eye.[21] The report is highly probative of the claim because it shows Gilbert's vision could be improved with treatment and because an impairment which can be controlled by treatment is not disabling under social security law.[22]

A reasonable mind will accept the evidence as adequate to support the Commissioner's decision because there is little evidence of impairment, and because Gilbert sought little medical treatment. The decision reflects no legal error. The district judge can dismiss this case, knowing the Commissioner's decision is proper.

---

[18]SSA record at p. 305.

[19]*Id*. at p. 254 (Sept. 5, 2012).

[20]*Id*. at p. 261.

[21]*Id*. at p. 310.

[22]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

**Conclusion and Recommendation**.  Gilbert failed to prosecute his case and failed to comply with court orders.  For these reasons, the undersigned magistrate judge recommends dismissing this case, without prejudice, under Local Rule 5.5 and Fed. R. Civ. P. 41(b).  Gilbert may still file a brief if he does so within the 14-day time period for objecting to this recommended disposition.

Dated this 1st day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE